IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GREG McMAHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| MARON MARVEL BRADLEY ) | Honorable |
| ANDERSON & TARDY, LLC, ) | |
| a foreign corporation, ) | Magistrate Honorable |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES, Plaintiff, GREG McMAHON, by and through his attorney, Seth R. Halpern of Malkinson & Halpern, P.C., and for his Complaint against Defendant MARON MARVEL BRADLEY ANDERSON & TARDY, LLC. ("Maron Marvel" or "Defendant"), a Delaware corporation, states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff, GREG McMAHON, ("Plaintiff"), is a male citizen of the State of Illinois and a resident of the County of Cook, City of Chicago.

2. Plaintiff was and remains employed as an attorney and Director of Maron Marvel in its Chicago office, starting September 15, 2017, when he was hired.

3. Defendant Maron Marvel is a law firm and Delaware limited liability company, with its headquarters in Wilmington, Delaware, and is registered and doing business in Illinois, by operating and providing legal services to its clients from its Chicago office located at 191 N. Wacker, Chicago, Illinois.

4. Defendant employed Plaintiff, as an attorney and Director of the firm, and employed and continues to employ Plaintiff's Supervisor, Scott Henry, who was originally assigned as Managing Director of the Chicago office and was later promoted to Member and Vice President, in the home Delaware office.

5. This is an individual action brought by Plaintiff against Defendant Maron Marvel for violations of the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq*. and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* for acts of discrimination based upon Defendant's perception of Plaintiff's disability, the creation of a hostile work environment as a result of the perception of disability and for retaliation following complaints of same and the taking of a medical leave of absence for the same condition.

6. At all times relevant herein, Defendant was an employer within the meaning of the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.* and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*

7. At all times relevant, Defendant maintained the right to control Plaintiff's work environment, maintained the right to control the terms and conditions of Plaintiff's employment, paid Plaintiff wage income and maintained the right to discipline and discharge employees, including Plaintiff and his supervisory personnel.

8. This Court has jurisdiction of this case pursuant to 42 U.S.C. § 12101 *et seq.*

9. This Court has supplemental jurisdiction over Plaintiff's Illinois state law claims pursuant to 28 U.S.C. § 1367.

10. This action properly lies in this district pursuant to 28 U.S.C. § 1391 because the claim arose in this judicial district.

11. Plaintiff has complied with all administrative prerequisites by filing with the Illinois Department of Human Rights (IDHR) timely Charges of Discrimination for discrimination, harassment and retaliation based on perceived disability which were cross-filed with the U.S. Equal Employment Opportunity Commission (EEOC) against Defendant.

12. On or about January 31, 2023, Plaintiff received his Notice of Suit Rights from the IDHR. This Complaint is timely filed.

## FACTUAL ALLEGATIONS

13. Plaintiff was hired as an attorney and Director by Maron Marvel, on or around September 15, 2017, in its Chicago, Illinois office.

14. At all relevant times, Plaintiff performed all of his job duties in a satisfactory manner and met all of Defendant's legitimate business expectations.

15. Prior to joining Maron Marvel, in or around March 2, 2015, Plaintiff was diagnosed with a form of Anxiety Disorder (ICD-10-CM Code F41.9). Plaintiff's anxiety condition was and remains a chronic medical condition that is not transitory in nature and has determinable symptoms that impact his well-being and daily function.

16. Despite his diagnosis and related mental health symptoms, with the assistance of medical treatments, therapies and medication, Plaintiff was and remains able to perform all the essential functions of his job and at no time during his employment did Plaintiff request any accommodations because of his mental health illness or related symptoms.

17. During his entire employment (and continuing) with Defendant, the managing Director of the Chicago Office, Scott Henry, and other Directors including but not limited to Melissa Fallah, knew and were aware that Plaintiff was being treated for mental health diagnoses including for his Anxiety Disorder. On multiple occasions, on and after September 15, 2017,

Plaintiff specifically informed Scott Henry of his mental health illness and related symptoms and treatment.

18. On or around July 6, 2022, Plaintiff had to take an approved medical leave of absence due to symptoms arising from his Anxiety diagnoses.

19. Although Plaintiff was fit for his job and requested no accommodations, Defendant perceived Plaintiff as disabled based on his anxiety diagnosis, his related symptoms, and his medical leave of absence, that was necessitated by his medical condition.

20. The anxiety condition that Defendant perceived to be a disability for Plaintiff would constitute a "disability" as defined by the Illinois Human Rights Act and the Americans With Disabilities Act, in that the condition was sufficiently lasting and caused substantial impairment for Plaintiff.

21. Both prior to, and specifically after informing Defendant, including Fallah and Henry, of his mental health diagnosis, Plaintiff was subjected to repeated, severe and pervasive hostility and discrimination from the Defendant's partners, attorneys and Directors, including but not limited to Fallah and Henry.

22. Due to the unlawful actions of the Defendant, Plaintiff has been and continues to be subjected to a hostile work environment, differing terms and conditions of employment than individuals within the firm who have not reported any mental health issues and retaliation.

23. Examples of the discriminatory acts that Plaintiff was and is continuously subjected to include but are not limited to:

    a. salary reduction;
    b. alienation and separation from Plaintiff's existing clients;

c. refusal by colleagues within the firm to communicate with Plaintiff;

d. unwarranted criticism of business development expenses;

e. stripping Plaintiff of high-level trial and litigation assignments, including pulling him from certain trial cases, ultimately affecting his ability to earn bonus salary;

f. stripping Plaintiff of managerial responsibilities;

g. limiting the amount of work assignments for Plaintiff, making it difficult, if not impossible, to reach minimum billing requirements;

h. repeatedly subjecting Plaintiff to unjustified and negative reviews of his work performance and placing Plaintiff on an unjustified Performance Improvement Plan;

i. denying Plaintiff the opportunity to present at a nationally recognized conference in his area of practice, despite being invited to do so by the conference organizers and despite the presentation being a means toward career advancement;

j. further derailing and limiting his career development and future employment achievements and opportunities.

24. In addition to the aforementioned examples of discrimination, perceiving Plaintiff as disabled, Defendant also removed him from certain client work, delegated him to less demanding work, restricted and diminished his access to clients and to firm management and partners/directors and decreased his administrative and other roles and responsibilities within the firm.

25. Due to the unlawful actions of the Defendant, Plaintiff's ability to further his career and his ability to advance within the firm and earn additional income and bonus income have been and continue to be impeded.

26. Plaintiff made repeated complaints about the unlawful and hostile conduct of Defendant to firm management, including Henry, Paul Bradley, Catherine Pyune McEldowney, Nancy Michner, and Rachel Nuzzi. Despite these complaints, Defendant took no effective, remedial action.

27. In response to such complaint, Defendant continued to engage in further discriminatory and harassing behavior, as set forth herein, including in retaliation for Plaintiff's good faith complaints and use of medical leave.

28. As a result of Defendant's acts described herein, Plaintiff has suffered and continues to suffer from severe emotional distress and has lost and continues to lose wages, bonus income and benefits.

29. The foregoing acts by Defendant constitute discrimination based upon a perceived mental health disability, in violation of the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.* and the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

## COUNT I
### Perceived Disability – Hostile Work Environment

30. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully set forth herein as Paragraph 30.

31. The harassing conduct of Plaintiff, which is alleged herein, occurred within the work environment of Maron Marvel.

32. Defendant, through its supervisory and managerial staff, including Henry, Fallah, Onofrio de Gennaro, Paul Bradley, Catherine Pyune McEldowney, Nancy Michner, and Rachel Nuzzi, permitted, acquiesced to, and engaged in disability based harassing conduct that was severe, pervasive and substantially interfered with Plaintiff's ability to complete his work duties, to the extent that he was even given any meaningful work duties.

33. Defendant created a hostile, offensive and intimidating work environment for Plaintiff because of its employees' perception that Plaintiff was disabled due to chronic mental health medical condition, his anxiety disorder.

34. Plaintiff expressed disapproval, disgust, frustration and complained about Defendant's disability based harassing behavior to both various supervisory personnel, including Henry, Fallah, Onofrio de Gennaro, Paul Bradley, Catherine Pyune McEldowney, Nancy Michner, and Rachel Nuzzi, as well as the independent investigating attorney retained by Defendant, and despite such complaints, Defendant took no effective remedial action and acquiesced and permitted such behaviors to continue.

35. In response to Plaintiff's complaints of disability-based harassment, Plaintiff was subjected to intimidation and hostility, which Defendant, by and through its supervisory and other personnel, including but not limited to Henry and Fallah, permitted, acquiesced to and or participated in and Defendant took no effective remedial action to stop the harassing, hostile and threatening work environment, despite that it knew or should have known such behavior was occurring within the work environment. .

36. As a result of Defendant's actions, and lack thereof, Plaintiff was and continues to be deprived of his right to work in an environment free from harassment based upon Defendant's perception of disability and as a furthe result, Plaintiff suffered and continues to suffer from severe emotional distress, mental anguish and humiliation as well as an impeded ability to advance within the firm and earn additional income and bonus income.

WHEREFORE, Plaintiff GREG McMAHON, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant MARON MARVEL BRADLEY ANDERSON & TARDY, LLC and that of its agents, employees and representatives, in violation of the Illinois Human Rights Act and The Americans with Disabilities Act;

(b) Awarding Plaintiff compensatory damages

(c) Awarding Plaintiff damages for lost wages and benefits;

(d) Awarding Plaintiff damages for related emotional distress;

(e) Awarding Plaintiff damages for punitive damages to the extent permitted under law;

(f) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(g) Awarding Plaintiff reasonable attorneys' fees and costs; and

(h) any other lawful relief deemed just and proper.

## COUNT II
### Perceived Disability-Discrimination

37. Plaintiff repeats and re-alleges paragraphs 1-24 as if fully set forth herein as Paragraph 37.

38. Examples of the discrimination that Plaintiff was continuously subjected to include but are not limited to:

a. salary reduction;

b. stripping Plaintiff of high level trial and litigation assignments, including pulling him from certain trial cases, ultimately affecting his ability to earn bonus salary;

c. stripping Plaintiff of managerial responsibilities;

d. limiting the amount of work assignments for Plaintiff, making it difficult, if not impossible, to reach minimum billing requirements;

e. repeatedly subjecting Plaintiff to unjustified and negative reviews of his work performance and placing Plaintiff on an unjustified Performance Improvement Plan;

f. denying Plaintiff the opportunity to present at a nationally recognized conference despite being invited to do so by the conference organizers and despite the presentation being a means toward career advancement;

g. further derailing and limiting his career development and future employment achievements and opportunities.

39. The discriminatory conduct of Defendant, which is alleged herein, occurred within and was related to the work environment of Maron Marvel.

40. Defendant, through its supervisory and managerial staff, including but not limited to Henry and Fallah, permitted, acquiesced to, and engaged in disability-based discrimination that resulted in and continues to result in negative employment actions and created different and worse terms and conditions of employment for Plaintiff, which have been alleged and set forth herein.

41. Plaintiff expressed disapproval, disgust and complained about Defendant's perceived disability-based discriminatory behavior to both various supervisory personnel, including Henry, Fallah, Onofrio de Gennaro, Bradley, Pyune, Michner and Nuzzi, as well as the purported independent investigating attorney retained by Defendant, and despite such complaints, Defendant took no effective remedial action and permitted such behaviors to continue.

42. In response to Plaintiff's complaints of perceived disability-based discrimination, Plaintiff was subjected to intimidation and hostility, which Defendant, by and through its supervisory and other personnel, permitted, acquiesced to and or participated in and Defendant took no effective remedial action to stop the discrimination.

43. As a result of Defendant's actions, and lack thereof, Plaintiff suffered and continues to suffer from severe emotional distress, mental anguish and humiliation and lost wages as well as an impeded ability to advance within the firm and earn additional income and bonus income.

WHEREFORE, Plaintiff GREG McMAHON, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant MARON MARVEL BRADLEY ANDERSON & TARDY, LLC, and that of its agents, employees and representatives, in violation of the Illinois Human Rights Act and The Americans with Disabilities Act;

(b) Awarding Plaintiff compensatory damages

9

(c) Awarding Plaintiff damages for lost wages and benefits;

(d) Awarding Plaintiff damages for related emotional distress;

(e) Awarding Plaintiff damages for punitive damages to the extent permitted under law;

(f) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(g) Awarding Plaintiff reasonable attorneys' fees and costs; and

(h) any other lawful relief deemed just and proper.

## COUNT III
### Retaliation

44. Plaintiff repeats and re-alleges paragraphs 37-41 as if fully set forth herein as Paragraph 44.

45. Following Plaintiff's complaints of discrimination to Henry and others as set forth in Counts I and II, above, and following his leave for mental health reasons, Plaintiff was retaliated against and was and continues to be subjected to harsher and differing terms and conditions of his employment.

46. Examples of the retaliation that Plaintiff was continuously subjected to include but are not limited to:

a. salary reduction;

b. stripping Plaintiff of high-level trial and litigation assignments, including pulling him from certain trial cases, ultimately affecting his ability to earn bonus salary

c. stripping Plaintiff of managerial responsibilities

d. limiting the amount of work assignments, making it difficult to reach minimum billing requirements;

e. subjecting Plaintiff to dismissive, disrespectful and degrading interactions and communications with Respondent's employees, partners and directors;

f. repeatedly giving Plaintiff unjustified and negative reviews of his work performance and placing him on an unjustified Performance Improvement Plan; and

g. denying Plaintiff the opportunity to present at a nationally recognized conference despite being invited to do so by the conference organizers and despite the presentation being a means toward career advancement;

h. intentionally derailing and limiting Plaintiff's career development and future employment achievements and opportunities.

47. Defendant, following Plaintiff's complaints about discriminatory treatment, his taking a leave of absence due to his mental health condition, and his filing of charges of discrimination with the Illinois Department of Human Rights, removed Plaintiff from client work, delegated Plaintiff to less demanding work, restricted and diminished Plaintiff's access to clients and to firm management and partners/directors and decreased Plaintiff's administrative role and responsibilities within the firm in retaliation for Plaintiff's complaints of discrimination related to his mental health condition, his taking leave to attend to his mental health condition and filing charges of discrimination with IDHR.

48. Due to the unlawful actions of the Defendant, Plaintiff's ability to earn additional income and bonus income, as well as the terms and conditions of his employment were changed negatively, and negative employment actions were taken against him.

49. Plaintiff made repeated complaints about the retaliatory conduct of Defendant to firm management and to the appointed investigator. Despite his complaints, Defendant took no effective remedial action and the harassment, discrimination and retaliation continue.

50. As a result of Defendant's acts described herein, Plaintiff has suffered and continues to suffer from severe emotional distress and has lost and continues to lose wages and benefits and future opportunity for certain wages and benefits.

51. The foregoing acts by Defendant constitute retaliation for Plaintiff's complaints of discrimination, his exercising his right to take medical leave in order to attend to his mental health issues and his filing of charges of discrimination with the IDHR, in violation of the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq.* and the Americans with Disabilities Act 42 U.S.C. § 12101.

WHEREFORE, Plaintiff GREG McMAHON, respectfully requests that this Court enter an Order:

(a) Declaring the conduct of Defendant MARON MARVEL BRADLEY ANDERSON & TARDY, LLC, and that of its agents, employees and representatives, in violation of the Illinois Human Rights Act and The Americans with Disabilities Act;

(b) Awarding Plaintiff compensatory damages

(c) Awarding Plaintiff damages for lost wages and benefits;

(d) Awarding Plaintiff damages for related emotional distress;

(e) Awarding Plaintiff damages for punitive damages to the extent permitted under law;

(f) Awarding Plaintiff pre-judgment and post-judgment interest to the extent permitted under law;

(g) Awarding Plaintiff reasonable attorneys' fees and costs; and

(h) any other lawful relief deemed just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully Submitted,

s/Seth R. Halpern
Seth R. Halpern, attorney for Plaintiff

Seth R. Halpern
MALKINSON & HALPERN, P.C.
33 N. Dearborn Street, Suite 1540
Chicago, Illinois 60602
(312) 427-9600
shalpern@mhtriallaw.com