UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREG MCMAHON, ) | |
| ) | |
| Plaintiff, ) | Case No. 23-cv-02190 |
| ) | |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| MARON MARVEL BRADLEY ) | |
| ANDERSON & TARDY LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER AND OPINION**

Plaintiff Greg McMahon filed a three-count amended complaint [31] against Defendant Maron Marvel Bradley Anderson & Tardy LLC, alleging hostile work environment and disability discrimination in violation of the Illinois Human Rights Act, 775 ILCS 5/2-101 *et seq*. and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. Defendant has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3). For the reasons outlined below, the Court denies Defendant's motion to dismiss [10].

**Background**

On September 15, 2017, Maron Marvel hired Greg McMahon as an attorney and Director in its Chicago office. Maron Marvel alleges that the company sent written offer of employment (the "Employment Agreement") to Greg McMahon that same day, that he responded to Defendant via electronic mail and stated: "I accept the offer," and that Plaintiff began employment with Defendant. The Employment Agreement does not contain the Greg McMahon's signature. Additionally, Greg McMahon's email does not contain any attachments. The Employment Agreement contains the terms of employment with Maron Marvel, including, the start date, base salary, benefits, paid time-off. The Employment Agreement also contains an arbitration provision which states, "Director acknowledges any issues or disputes between employer and employee will be

1

governed by Delaware law, without regard to Delaware conflict rules, and decided by one arbitrate selected by the Firm and with arbitration held in Wilmington, Delaware. "[11-1].

Greg McMahon alleges the terms of the Employment Agreement attached as an exhibit to Defendant's motion look materially different from the terms he recalls reviewing. He alleges that while his email outbox confirms he responded to an email from Nancy Reily Michener, his inbox does not contain any email to which her responded to the Employment Agreement. He alleged that he does not recall the agreement in 2017 containing the arbitration provision or the exhibits to the agreement providing for annual origination bonuses for new client revenue.

**Legal Standard**

A motion to dismiss under Rule 12(b)(3) for improper venue is the appropriate procedure when a litigant seeks to dismiss a lawsuit based on an arbitration agreement. *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 808 (7th Cir. 2011); *Automobile Mech. Local 701 Welfare &Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). Under Rule 12(b)(3), district courts may consider materials outside of the pleadings, including the parties' arbitration agreement. *Continental Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). In determining whether an agreement's arbitration clause controls, federal courts apply state-law principles of contract formation. *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 710 (7th Cir. 2019). "Generally, federal policy favors arbitration, and once an enforceable arbitration contract is shown to exist, questions as to the scope of arbitrable issues should be resolved in favor of arbitration." *Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752 (7th Cir. 2017).

If a court "determines that the making of the arbitration agreement is seriously disputed, 'the court shall proceed summarily to the trial thereof.' " *Tinder v. Pinkerton Security*, 305 F.3d 728, 735 (7th Cir. 2002) (quoting 9 U.S.C. § 4). "The party opposing arbitration must identify a triable issue of fact concerning the existence of the agreement in order to obtain a trial on the merits of the

contract." *Id.* Although the "the FAA does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet," the Seventh Circuit has "analogized the standard to that required of a party opposing summary judgment under Rule 56(e)." *Id.*

**Discussion**

The parties dispute whether an valid arbitration agreement exists. To compel arbitration, a movant must show (1) an enforceable arbitration agreement; (2) a dispute within the scope of the arbitration agreement; and (3) the opposing party's refusal to arbitrate. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006). "Once the party seeking arbitration has shown those elements, the burden shifts to the party opposing arbitration to demonstrate that the arbitration agreement is unenforceable or that the claims are unsuitable for arbitration." *Mecum v. Weilert Custom Homes, LLC*, 239 F. Supp. 3d 1093, 1095 (N.D. Ill. 2017) (Coleman, J.) However, none of the three factors can be considered until it is determined that a valid arbitration agreement exists.

Under the FAA, Greg McMahon may be entitled to a trial on the existence of the Arbitration Agreement. 9 U.S.C § 4. The question is whether Greg McMahon has "identif[ied] a triable issue of fact concerning the existence of the agreement." *Tinder*, 305 F.3d at 735. Again, the evidentiary standard for Greg McMahon is similar to a party opposing summary judgment, and as such, "the evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in [their] favor." *Id.; see Muhammad v. Tree*, No. 18 C 04192, 2020 WL 1530750, at *4 (N.D. Ill. Mar. 31, 2020) (Alonso, J.) (unequivocally denial of ever receiving or signing the Arbitration Agreement is enough to create a triable issue of fact); *Gupta v. Morgan Stanley Smith Barney, LLC*, No. 17 C 8375, 2018 WL 2130434, at *2 (N.D. Ill. May 9, 2018) (Kennelly, J.); -*see also Warren v. Meijer*, No. 16 C 4706, 2017 WL 3087724, at *3 (N.D. Ill. July 20, 2017) (Lee, J.) (denying motion to compel arbitration where plaintiff submitted affidavit "specifically deny[ing] that he clicked to accept the

3

[arbitration] agreement" even where defendant submitted testimony that plaintiff was seen accepting the agreement and records reflecting that plaintiff reviewed and accepted agreement).

Here, a triable issue of fact concerning the existence of the agreement exists. Greg McMahon alleges that he does not recall the agreement in 2017 containing the arbitration provision or the exhibits to the agreement providing for annual origination bonuses for new client revenue. This allegation generally would not be sufficient to show a material fact. However, Greg McMahon also alleges that the terms of the Employment Agreement attached in Defendant's motion look materially different from the terms he recalls reviewing. He further alleges that his email inbox does not contain any email to which her responded to the attached Employment Agreement. The agreement provided by Maron Marvel is also devoid of Greg McMahon's signature and the email with his acceptance has no attachments indicating that his acceptance was to the Employment Agreement. The totality of these allegation raises a disputed material fact as to whether Greg McMahon accepted the Employment Agreement.

Because a trial is required on whether the parties agreed to arbitrate, the Court does not resolve the parties' remaining arguments.

**Conclusion**

Accordingly, Maron Marvel's motion to dismiss [10] is denied without prejudice. The Court sets this case for an in-person status hearing on March 29, 2024 at 10:30 a.m., to set a trial date regarding whether an agreement to arbitrate exists.

IT IS SO ORDERED.

Date: 3/8/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge

4